RECEIVED

# UNITED STATES DISTRICT COURT

for the

_Sixth_ District of _Mid_

_Tenn_ Division

JUL 18 2025

US DISTRICT COURT
MID DIST TENN

|  |  |  |
|---|---|---|
| _Matthew Cody Ball_ | ) | Case No. _____ |
| _Plaintiff(s)_ | ) | _(to be filled in by the Clerk's Office)_ |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| -v- | ) | |
|  | ) | |
|  | ) | Jury Demand |
| _See Attached (6)_ | ) | |
| _Defendant(s)_ | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | ) | |
| *with the full list of names. Do not include addresses here.)* | ) | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

# I. The Parties to This Complaint

## A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Matthew Cody Bull

All other names by which you have been known: N/A

ID Number: 131689

Current Institution: Sumner County Jail

Address: 117 W. Smith St.

Gallatin    TN    37066
*City*    *State*    *Zip Code*

## B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: Nathan S. Nichols

Job or Title *(if known)*: Assistant District Attorney General

Shield Number: N/A

Employer: State of TN/Sumner County Courts

Address: 113 W. Main St.

Gallatin    TN    37066
*City*    *State*    *Zip Code*

[✓] Individual capacity    [✓] Official capacity

Defendant No. 2

Name: Dee Gay

Job or Title *(if known)*: Judge

Shield Number: N/A

Employer: State of TN/Sumner County Courts

Address: 155 E. Main St.

Gallatin    TN    37066
*City*    *State*    *Zip Code*

[✓] Individual capacity    [✓] Official capacity

Defendant No. 3
    Name      C. Ronald Blanton
    Job or Title *(if known)*      Judge
    Shield Number
    Employer      State of TN/ Sumner County
    Address      155 E. Main St.

| Gallatin | TN | 37066 |
|---|---|---|
| City | State | Zip Code |

    [✓] Individual capacity      [✓] Official capacity

Defendant No. 4
    Name      Joe James (Lytle Anthony James)
    Job or Title *(if known)*      Public Defenders office
    Shield Number
    Employer      Public Defenders office
    Address      150 W. Main St.

| Gallatin | TN. | 37066 |
|---|---|---|
| City | State | Zip Code |

    [✓] Individual capacity      [✓] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.      Are you bringing suit against *(check all that apply)*:

    [ ] Federal officials (a *Bivens* claim)

    [✓] State or local officials (a § 1983 claim)

B.      Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    See Attached

C.      Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

## B. The Defendant(s)

Defendant No. 5
Name: David A. Doyle
Job or Title: Public Defender
Shield Number:
Employer: Public Defenders Office
Address: 150 W. Main St. Gallatin, TN 37066
✓ Individual Capacity    ✓ Official Capacity

Defendant No. 6
Name: Sumner County Court System
Job or Title:
Shield Number:
Employer:
Address:
Individual Capacity    ✓ Official Capacity

## II Basis for Jurisdiction

B.

- Sixth Amendment - Right to a fast and speedy Trial

- Speedy Trial Act  18 U.S.C. sec. 3161

- Sixth Amendment - Right to effective legal counsel at <u>each</u> stage of the criminal process.

- Fourteenth Amendment - Due Process Clause/Due Process of Law

- Eigth Amendment - Excessive Fine/Bail Clause

- Prosecutorial Misconduct

- Procedural Error

- Meaningful preliminary hearing on all alledged victims and offenses the DA intended on presenting to the grand jury.

- First Amendment - Freedom of Speech
  The Right of people to assemble and petition

- Ninth Amendment - Right to information

- Violation of Title 18 chap. 13 sec. 242 "Deprivation of rights under color"

_N/A_

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any
    statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia."
    42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color
    of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of
    federal law.  Attach additional pages if needed.

_See Attached_

## III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☑ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☐ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)*   _N/A_

## IV.  Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the
alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include
further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite
any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain
statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_See Attached_

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

_N/A_

## IV. Statement of Claim        A.C.D.        Jury Demand

**①**    On June 10th 2024, at Sumner County General Session Court in front of Judge C. Ronald Blanton, 40 days after my arrest, I had a preliminary hearing regarding only four offenses and one alledged victim. Public defender Lytle James was appointed to handle my case for that hearing only. I requested to Mr. James that the order of protection be heard at a different time then at the sametime as my prelim so I can have a more meaningful hearing for the order of protection and be allowed Due Process. But he said there was nothing he could do. Then I asked that he put in a motion for a Speedy Trial as well as asking for a medical exam. He said I would have to discuss that with my trial lawyer at my arriagnment.

**②**    During the prelim there was statements made that Mr. James refused to follow-up on; such as Detective James Bachman stating there was no warrant for my arrest even though I was arrested inside a private hotel room. Or when the only alledged victim at that time stated she was told what to say and what not to say. Nor did he object to the frivolous motion filed by ADA Nathan S. Nichols to raise by bond from $200,000 to an excessive amount of $1,000,000 even though he made bias statements within the motion. Nor did Mr. James object to comments Mr. Nichols made that very well caused prejudic in the ruling of the courts as there was not any evidence to support such claims or testimony.

pages 1 & 2

③      Judge C. Ronald Blanton allowed all this prosecution misconduct, denial of Due Process, excessive bail to be set, ineffective legal counsel and allowed my rights to be disregarded. I was not given a meaningful preliminary hearing that included all alleged victims and offenses the DA intended to present to the grand jury.

④      On May 14th 2024 I requested, through' the jails Kios request system, to submit a request to my lawyer for a fast and Speedy Trial. I was told by LT Kaleigh Choate my request would be forwarded to the courts. I have printouts of said request. This was the first of many times I've tried to insert my rights.

⑤      On 7/5/24, I mailed in 3 motions to the Clerks Office. One being for a Speedy Trial. They were never filed. Also, on 7/5/24, 65 days after my arrest, my indictment was filed. My indictment was/is faulty, ambiguous and incomplete as it has only offenses for only four of the six alleged victims listed within it.

⑥      Then on 7/19/24 was my arraignment in front of Judge Dee Gay via video teleconference that I did not consent to being arraigned that way nor did I sign a self-representation waiver as I did not appear in person or have legal counsel at this very critical stage of the process. I also did not have a copy of the indictment before being called to plead to it.

⑦      About a month later David Doyle with the public defenders office came to see me via video visit and said "I don't know what rights you think you have but you don't"

page 2 of 2

C.   What date and approximate time did the events giving rise to your claim(s) occur?

_See Attached_

D.   What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

_See Attached_

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

_Mental health care_

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

_See Attached_

# VI Relief

- Confirm there was in fact a constitutional violations.

- Order that the defendants be rewarded with all court cost.

- Order that the indictment be dismissed with prejudice as the clear and unambiguous language of the U.S. Constitution in saying the only suitable remedy to a constitutional violation is a dismissal with prejudic.

- Order that the plaintiff, Matthew Cody Ball, be rewarded;
  - $75,000.⁰⁰ per Const: violations × 4 = $300,000.⁰⁰
  - $1,000,000 per year incarcerated

## VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Sumner County Jail

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

N/A

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☑ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☑ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

N/A

2.    What did you claim in your grievance?

N/A

3.    What was the result, if any?

N/A

4.    What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

N/A

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here:

_I was in jail but the claim is with the courts._

    2.    If you did not file grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_N/A_

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_I requested through the jail for a Speedy Trial._

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_N/A_

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s) *N/A*

Defendant(s) *N/A*

2.  Court *(if federal court, name the district; if state court, name the county and State)*

*N/A*

3.  Docket or index number

*N/A*

4.  Name of Judge assigned to your case

*N/A*

5.  Approximate date of filing lawsuit

*N/A*

6.  Is the case still pending?

☐ Yes

☑ No

If no, give the approximate date of disposition. *N/A*

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

*N/A*

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☐ No

D.     If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s)   *N/A*
     Defendant(s)   *N/A*

2.   Court *(if federal court, name the district; if state court, name the county and State)*

     *N/A*

3.   Docket or index number

     *N/A*

4.   Name of Judge assigned to your case

     *N/A*

5.   Approximate date of filing lawsuit

     *N/A*

6.   Is the case still pending?

     ☐ Yes

     ☐ No

     If no, give the approximate date of disposition   *N/A*

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

     *N/A*

## Violation of the Defendants right to Due Process

- A defendant is entitled to Due Process of Law under the Fifth and Fourteenth Amendment of the U.S. Const. and Art. 1, Sec. 8 and 9 of the Tenn. Const.

- Utley, 956 S.W.2d at 495; State V. Gray, 917 S.W.2d 668, 671 (Tenn. 1996)

To show a Due Process Violation, the defendant must establish 3 factors;

### (1) That there was a delay;

Arrest date 05/02/24, 40 day delay to my preliminary on 06/10/24, 65 day delay till the indictment was filed on 07/05/24, 79 day delay to my arraignment on 07/19/24, my first settlement date was 10/10/24 (161 day delay) reset to 11/18/24 (201 day delay) reset to 01/13/25 (257 day delay) reset to 03/31/25 (334 day delay). So as of 03/31/25 this case will have been delaid for 11 months, 334 days since my arrest date. As of 3/31/25

### (2) That the defendant sustained actual prejudice as a direct and proximate result of the delay;

Defendant suffered prejudice in this case by hindering his ability to locate and keep in contact with witnesses; Delay causes witnesses to nolonger be located, nolong willing to come to court and/or memories to fade over time. Hindering the defendants ability in establishing a defense causes prejudice. The impairment of the defendants mental state due to the presence of unresolved criminal charges and continuous reseting court dates further back creating anxiety, concern, fear, depression, eating disorder, sleep disorder, inability to focus and the jails inability to treat such mental condictions.

- Barker listed 3 areas in which a defendant could suffer prejudice due to delay;

### (1) Oppressive pretrial incarceration;

11 months incarcerated with no progress in the criminal proceedings and being prevented from regaining liberty and freedom is oppressive. It's not just oppressive pretrial incarceration but also mental torture. Being punished for crimes that the defendant has not even been tried for.

## (2) Anxiety and concern of the accused;

As time passes the defendant suffers more and more due to the unknown of what the future may hold causes anxiety and concern. Followed by stress, fear, depression, inability to function and other mental health concerns all lead to impairment.

## (3) Impairment of the defendant;

With mental health issues going untreated will impair a defendant to make a possible deal just to stop the torment and get out or at least get somewhere that will treat mental health. Having a defendants life utterly disrupted and to cause a hault to family life, relationship, careers, loss of homes, cars and other property thats not easily replaceble all will play a factor in the impairment of the defendant.

## (3) That the State caused the delay in order to gain a tactical advantage or to harass the accused;

The reason for the delay is to gain an advantage over the accused to force the defendant into taking a plea deal rather quilty or not. The courts aid the State by deliberately allowing defense counsel withdraw from the case just days before a court date that had been set for at least a month. Therefore, violating Rule LCrR 57.01 Sec. 2 "Counsel will not be allowed to withdraw if such withdraw will delay trial or other pending matters in the case" The State and the Courts would not allow defendant to be present at the hearing for counsel to withdraw or allow defendant to address the courts.

# Right to a Speedy Trial violation; Barker Analysis

- The Sixth Amendment ensures a speedy Trial; The Federal Speedy Trial Act of 1974, 18 U.S.C., Sec. 3161 requires a trial within 70 days of arraignment or indictment.

- Tenn Supreme Courts states; "The right to a speedy Trial is a fundamental right and is imposed by the Due Process Clause of the Fourteenth Amendment."

- **Barker V. Wingo** - United States Supreme Courts under the Barker Analysis; Four factors to be considered when determining wheather a defendants right to a speedy Trial has been violated:

**(1) The length of the delay;** "A delay approaching one year will trigger a speedy Trial analysis and the presumption that delay has prejudiced the defendant." Arrest date 05/02/24, 40 day delay to my preliminary on 06/10/24, 65 day delay to my indictment filing date on 07/05/24, 79 day delay to my arraignment on 07/19/24. My first settlement date was 10/10/24 that got reset to 11/18/24 that got reset to 01/13/25 that got reset to 03/31/25 and as of then it will be 334 days since my arrest and 255 days since my arrest. 11 months from 05/02/24 to 03/31/25, over one year now! 7/25

**(2) The reason for the delay;** United States Supreme Courts under the Barker Analysis; "A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government." "The government must be ready for trial within (6) six months of the arrest date or the charges are to be dismissed." The Courts and State intentionally delay the case to gain a tactical advantage over the defense and force the defendant into a plea deal rather quilty or not. The deliberate delay by the Courts and State by allowing counsel withdraw from the case just days before a court date allowed violation to rule LRcC 57.01, Sec.2 "Counsel will not be allowed to withdraw if such withdraw will delay trial or other pending matters in the case." Each court date had been set for over a month and each counsel, David Doyle, and John Pellegrin both gave me notice and withdrew from the case days before my next court hearing. If the courts would have appointed legal counsel prior to the arraignment hearing that way defendant could have been counselled and been prepared for arraignment with legal counsel there is a higher chance

There would have never been a reason to delay the first settlement date. Also in turn defendant would have had legal counsel AT arraignment and "at every stage of the criminal process" that's protected under the Sixth Amendment of right to legal counsel. This all falls under bureaucratic indifferences and negligence by the state and courts.

## (3) The defendant's assertion of his right to a speedy Trial;

First attempt by defendant without counsel, not having the ability to contact the courts or know how to, defendant submitted a request on the kios to the jails admin who claimed to be forwarding the request to the courts. Defendant has copies of said request. Second attempt was at preliminary to counsel Joe James who claimed that was not his duty that trial counsel had to handle that. Third attempt sending a motion into the County Clerks Office on 07/05/24 with no response from the clerk or the courts. Fourth attempt in a letter to David Doyle after being appointed to my case, letter dated 07/27/24, Fifth attempt in another letter dated 08/15/24, Sixth attempt via video visit with David Doyle 08/20/24, Seventh attempt in another letter dated 08/29/24 to Doyle, Eigth attempt in a letter dated 08/29/24 to both Judge Gray and Judge Nichols, Ninth attempt on 09/12/24 via video visit with Doyle who then informed me, "I don't know what right you think you have but you don't!", Tenth attempt in a letter to the board of professionals and both criminal court Judges on 09/27/24, Eleventh attempt on 10/21/24 via video visit with John Pellegrin and the most recent was a letter dated 12/16/24 to Ethan Ingham

## (4) Prejudice to the defendant;

Defendant's life was utterly disrupted and forced to be put on hold. Substantical imprirment is imposed of the defendant's liberty. The impairment of the defendants mental state due to the presence of unresolved criminal charges which in turn creates anxiety, concern, fear, depression, eating disorder, sleep disorder, inability to focus and the jails inability to treat mental conditions. Defendants ability to establish a defense due to being unable to contact or keep in contact with possible witnesses who's memories may have faded from events in the distant past. All creates prejudice against the defendant.

Qualified Immunity
- "Official immunity that is lost if the offical violates the clearly established rights of another;"
"Qualified immunity shields government officals from liability for civil damages for torts committed while performing discretionary duties unless their conduct violates a clearly established statutory or Constitutional Right."
   Hadley v. Gutierrez, 526 F.3d 1324
- "Qualified Immunity two-step inquiry;
- The first question is weather the defendant(s) conduct violated a constitutional or statutory right?
- Second; If so, is weather the right, be it constitutional or statutory, was clearly established"

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    7/10/2025

Signature of Plaintiff         *M C Bell*
Printed Name of Plaintiff      Matthew Cody Bell
Prison Identification #        131689
Prison Address                 117 W. Smith St.
                               Gallatin            TN        37066
                                    *City*         *State*   *Zip Code*

### B.    For Attorneys

Date of signing:    N/A

Signature of Attorney          N/A
Printed Name of Attorney       N/A
Bar Number                     N/A
Name of Law Firm               N/A
Address                        N/A
                               N/A
                                    *City*         *State*   *Zip Code*

Telephone Number               N/A
E-mail Address                 N/A



Matthew Cody Ball
#131689 Sumner Co. Jail
117 W. Smith St.
Gallatin, T.N.
     37066

RECEIVED

JUL 18 2025

US DISTRICT COURT
MID DIST TENN

United States District
Court for Mid. Tenn.
801 Broadway
   #800
Nashville, T.N.
     37203