IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MATTHEW CODY BALL, # 131689,  )
                              )
        Plaintiff,            )
                              )
v.                            )   No. 3:25-cv-00810
                              )
NATHAN S. NICHOLS, *et al.*,  )   Judge Richardson
                              )
        Defendants.           )

## MEMORANDUM OPINION AND ORDER

Plaintiff Matthew Ball, who is in custody of the Sumner County Jail in Gallatin, Tennessee, filed a pro se complaint alleging violations of Plaintiff's rights. (Doc. No. 1). For the reasons set forth below, this action will be dismissed.

## I.      FILING FEE

Plaintiff filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) will be granted.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Sumner County Jail to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II.    LEGAL STANDARD

The Court must conduct an initial review and dismiss the Complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Review of the Complaint to determine whether it states a claim upon which relief may be granted asks whether it contains "'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face,'" such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470−71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

## III.    ALLEGATIONS AND CLAIMS

In the Complaint, Plaintiff raises several challenges to his state criminal proceedings. Specifically, he asserts that he has been denied a speedy trial and due process, that he was a victim of prosecutorial misconduct, and that he was denied counsel during his arraignment. (Doc. No. 1 at 7−8, 16−20). He requests damages and dismissal of his indictment and based on his incarceration. (*Id.* at 10).

## IV.    ANALYSIS

"[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). If "judgment in favor of the

plaintiff would necessarily imply the invalidity of his conviction or sentence . . ., the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Dismissal is required even if the plaintiff's conviction was entered while the federal litigation was pending. *See Wallace v. Kato*, 549 U.S. 384, 393−94 (2007) ("[I]t is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal.").

Here, Plaintiff asserts that his state criminal proceedings violated his constitutional rights. While this litigation was pending, Plaintiff was convicted of several offenses as a result of those proceedings.[1] Judgment in his favor would necessarily impugn his criminal conviction. Accordingly, this action must be dismissed. *Heck*, 512 U.S. at 486−87; *Wallace*, 549 U.S. at 393−94. The dismissal will be without prejudice to the filing of a future habeas corpus petition.[2] *See Staples v. Casperson*, 6 Fed. Appx. 481, 483−84 (7th Cir. 2001) ("When a pro se prisoner files a mislabeled civil action that should have been filed under the habeas corpus statute, . . . dismissing the prisoner's suit without prejudice is the proper action, thereby allowing the inmate to decide whether to file a petition for habeas corpus relief."); *Young Bok Song v. Gipson*, 423 Fed. Appx. 506, 509 (6th Cir. 2011) (district court has no obligation to *sua sponte* recharacterize civil rights complaint as a habeas corpus petition, which would have been proper vehicle for plaintiff's claims).

---

[1] The Court takes judicial notice of the docket in *State v. Ball*, 83CC1-2024-CR-448, available online at https://sumner.tncrtinfo.com/crCaseForm.aspx?id=B2392067-0388-4769-9876-5AF6061D5917&dsid=34d8dd1f (last accessed April 15, 2026).

[2] Any habeas corpus petition must comply with all applicable procedural statutes and rules, including the statute of limitations and exhaustion requirements. *See* 28 U.S.C. §§ 2244(d), 2254(b).

## V.    CONCLUSION

Plaintiff's IFP Application (Doc. No. 2) is **GRANTED**.

This action is **DISMISSED** without prejudice to the filing of a future habeas corpus petition. Plaintiff's pending motions (Doc. Nos. 5, 7, 8) are **DENIED** as moot.

This Order denies all relief in this action. Final judgment **SHALL** issue in accordance with Rule 58(b)(1)(C) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE